**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 05-313-C**

**DELTA CASKET ENTERPRISES, INC., ET AL.,**            **PLAINTIFFS,**

**V.**        <u>**MEMORANDUM OPINION AND ORDER**</u>

**YORK GROUP, INC.,**            **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion to dismiss and, in the alternative, for a more definite statement under Rule 12 of the Federal Rules of Civil Procedure (DE 4); the defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) (DE 15); and the defendant's second motion to dismiss or for a more definite statement (DE 22).  The court, having reviewed the record and being otherwise sufficiently advised, will deny in part the motion to dismiss, will grant the motion to transfer, will decline to resolve the remaining arguments raised in the motion to dismiss, and will deny the second motion to dismiss as moot.

**I.**      **Background**

The defendant, York Group, Inc. ("York"), is a manufacturer and seller of caskets.  York entered into a distributorship agreement ("the Agreement") with plaintiffs Delta Casket Co. ("Delta Casket") and Delta Casket Enterprises, Inc. ("Delta Enterprises") on April 19, 1999.  Delta Casket properly gave notice to York that it was exercising its option to terminate the Agreement on December 31, 2001.  Delta Enterprises acquired all of the assets of Delta Casket in August 2004.

The distributorship relationship continued pursuant to extra-contractual purchase orders until May 2005. At the time the complaint was filed in this case, the plaintiff DELTaurora was in the process of purchasing the assets of Delta Enterprises.[1]

On May 26, 2005, York sent a letter alerting Delta customers to Delta's alleged deceptive business practices and the termination of York's relationship with Delta. On May 27, 2005, after one of the recipients informed Delta of the letter, Delta Enterprises and DELTaurora filed this action against the defendant. The complaint alleges (1) violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); (2) tortious interference with prospective contractual relations; and (3) violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

In lieu of an answer, York filed a motion to dismiss or, in the alternative, for a more definite statement. As grounds for dismissal, York claims (1) lack of personal jurisdiction over York based on defective summons; (2) improper venue; (3) lack of standing; and (4) failure to state a claim upon which relief can be granted. Proper summons was served on June 30, 2005. Delta Casket Co. was joined as a plaintiff in an amended complaint filed on July 12, 2005.

York filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) on July 15, 2005. In support of its motion to transfer this case to the Federal District Court for the Southern District of Texas, York claims that the forum-selection-and-

---

[1]Delta Casket, Delta Enterprises, and DELTaurora are collectively referred to as "Delta" throughout this opinion.

choice-of-law provision in the Agreement controls and, furthermore, that transfer would serve the convenience of parties and witnesses and the interests of justice. On July 29, 2005, York filed a second motion to dismiss or, in the alternative, for a more definite statement, reasserting its claims of improper venue and failure to state a claim.

II.     **Legal Analysis**

A court cannot transfer venue unless it has personal jurisdiction over the parties to the case. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). Therefore, the court will first address the defendant's argument in its motion to dismiss that personal jurisdiction is lacking due to defective summons. Because the court finds that the plaintiffs cured this defect by serving alias summons, the court will next consider the defendant's motion to transfer.[2] Finding that transfer is appropriate, the court declines to address the remaining grounds for dismissal.[3]

    A.     **Personal Jurisdiction**

York asserts that Delta's complaint should be dismissed for lack of personal jurisdiction because the summons originally served on York was deficient. The original summons served on York was facially deficient because it was directed to

---

[2]The court will consider the remaining grounds for dismissal only if venue is proper in this district; otherwise, the transferee court would be the preferable forum for resolution of substantive matters.

[3]Under 28 U.S.C. § 1406(a), the court may either dismiss or transfer a case if venue is improper. The court's resolution of the § 1404(a) motion to transfer in the defendant's favor therefore renders the motion to dismiss moot insofar as it relies on the propriety of venue in this district.

York's statutory agent. Within the 120-day period allowed for service of summons and complaint under Rule 4 of the Federal Rules of Civil Procedure, Delta cured this defect via service of alias summons on York. Therefore, Delta contends that the motion to dismiss on the basis of defective summons is moot. Furthermore, Delta claims that the defect did not prejudice York because it did not prevent York from receiving notice of the action against it, and that the motion to dismiss on this basis should therefore be denied.

York only briefly addressed this argument in the conclusion to its reply brief, stating that "because jurisdiction over York was not proper," Delta's claims should be dismissed. Because the error was merely technical, did not prejudice York's ability to present a defense, and was corrected prior to the expiration of time for serving summons, personal jurisdiction over the defendant is satisfied and York's motion to dismiss on this ground is denied.

### B. Transfer of Venue

An action may be transferred to another district in which it could have originally been brought if transfer would serve "the convenience of parties and witnesses," and "the interest of justice." 28 U.S.C. § 1404(a). Courts consider the existence of a forum-selection clause when deciding the propriety of venue under § 1404(a). *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). This action could have originally been brought in the Southern District of Texas under the federal venue statute, 28 U.S.C. § 1391.

4

As a threshold issue, the court must determine whether the forum-selection provision of the distribution contract applies to this case, considering that the parties terminated the Agreement in 2001, but the challenged conduct occurred in 2005. The terms of the Agreement provided that certain provisions, including those related to venue and ownership of marks, survived its termination. Distrib. Agr. § 8.17. Section 8.13 of the Agreement provides that

> [t]his Agreement and all questions relating to its validity, interpretation, performance and enforcement . . . shall be governed by and construed in accordance with the laws of the State of Texas, without regard to its principles of conflicts of law. Harris County, Texas shall be the proper place of venue for all actions relating to this Agreement.

Section 4.1 governs the ownership of marks, and provides that Delta must use the marks so as to preserve York's interest therein.

Delta contends that the venue provision of the Agreement no longer applies because, subsequent to termination of the original contract, Delta rejected a proposed contract containing a forum-selection clause, and the parties nevertheless continued to conduct business without a new contract and without agreeing on a forum for the resolution of disputes. Therefore, Delta concludes that the parties were no longer operating under the terms of the Agreement, and the dispute that is the subject of this lawsuit is necessarily outside its scope.

York argues that this dispute does, in fact, arise out of the Agreement. In support of its argument, York points out that section 6.5, which did survive termination, does not release Delta from its contractual obligations in the event of

5

termination due to change in control of York.  Section 6.6 of the Agreement, which does not expressly survive termination under section 8.17, defines the parties' obligations upon termination of the Agreement and provides that, after termination, Delta will not use any mark "which gives or may give the impression that the relationship between the parties under this Agreement still exists, or do any other act tending to impair or damage the Marks."  Despite its omission from section 8.17, the court finds that Delta continued to be bound by the section 6.6 obligation to refrain from using York marks, because that section explicitly and unambiguously applies following termination of the parties' relationship under the Agreement.

York claims that the forum-selection clause applies because this suit is the result of a letter York wrote in response to Delta's breach of the Agreement.  York has not yet answered Delta's complaint, and the letter that forms the basis for this dispute refers only generally to allegedly deceptive business practices.  Assuming that the allegations made in the Texas action also formed the basis for the letter sent by York which forms the foundation of this case, York's description of the alleged misconduct is found in the complaint York filed in Texas.  Motion to Transfer, at Exhibit C.  In the Texas case, York alleges that Delta Casket and Delta Enterprises, among others, utilized York marks in order to represent imported caskets as being York products.[4]  Texas Compl., at ¶ 2.  In addition to claiming violations of federal trademark, copyright, and unfair competition laws, York claims

---

[4] Delta states that the Chinese caskets, imported between 2003 and 2004, were actually marked with the Horizon brand.  Kilpatrick Aff., at ¶ 18.

that the alleged counterfeiting violated ongoing contractual obligations. Texas Compl., at ¶¶ 3-4.

Taking York's allegations in the Texas case as true, York was prompted to send the disparaging letter to Delta customers by conduct that placed Delta in breach of its ongoing contractual obligations under section 6.6 of the Agreement. Delta filed this action in response to that letter, and this dispute arises out of the Agreement. Therefore, the forum-selection clause in section 8.13 is applicable because this case involves the enforcement of the Agreement.

The remaining factors to assess under § 1404(a) include (1) convenience to parties; (2) convenience to witnesses; (3) access to sources of proof; (4) availability of compulsory process for witnesses; (5) cost of obtaining witnesses; (6) expeditious and inexpensive trial of the case; and (7) the interests of justice. *Dayton Power & Light Co. V. E. Ky. Power Coop.*, 497 F. Supp. 553, 555 (E.D. Ky. 1980), *quoting Schneider v. Sears*, 265 F. Supp. 257, 263 (S.D.N.Y. 1967). The plaintiff's choice of forum should not be disturbed unless these factors weigh strongly in favor of transfer. *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky. 1996), *citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). However, a valid forum-selection clause should be enforced absent some indication that it was entered into through fraud, undue influence, or unequal bargaining power, or the clause is unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 13 (1972); *see also Stewart Org.*

*v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (forum selection clause significant factor in transfer analysis).

York is a Delaware company that manufactures and sells caskets throughout the United States; its principal place of business is currently in Pennsylvania, but apparently was in Texas at the time the parties entered the Agreement. Delta Casket and Delta Enterprises are both Tennessee corporations with their principal places of business in Tennessee. DELTaurora is incorporated in Delaware and has principal places of business in Indiana and Tennessee. Delta sells caskets and maintains distribution centers in Kentucky, Tennessee, Alabama, and Mississippi. Although the purportedly counterfeit caskets were allegedly imported through Texas, they were sold throughout Delta's sales region, and the letter that led Delta to institute this action was distributed widely, including in Kentucky. Potential witnesses and sources of proof are consequently located in various states, and therefore one venue is not necessarily more appropriate than another. *See Rutherford*, 943 F. Supp. at 791 (transfer unnecessary where witnesses and proof located in various states).

Generally, where cases involving substantially the same parties and issues are filed in different federal district courts, the court in which the first of the cases was filed should proceed to judgment. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte, Inc.*, 16 Fed. Appx. 433, 437 (6th Cir. 2004). A court may dispense with the first-to-file rule when equity requires it to do so. *Id*. Although this case

8

was filed before the Texas case,[5] the forum-selection clause favors litigation in the Southern District of Texas, and this case is not so far advanced in litigation that dispensing with the rule would be inefficient.

Nothing in this case indicates that the forum-selection clause embodied in the Agreement is unreasonable or the result of fraud, undue influence, or inequalities in bargaining power. According proper weight to the parties' chosen forum, the remaining factors weighing in the § 1404(a) balance are insufficient to overcome the presumed conclusiveness of the forum-selection clause. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (DE 4) is **DENIED** insofar as it is based on lack of personal jurisdiction and improper venue.[6]

**IT IS FURTHER ORDERED** that the defendant's motion to transfer this case to the United States District Court for the Southern District of Texas (DE 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's second motion to dismiss (DE 22) is **DENIED AS MOOT**.

---

[5] York argues that, because Delta Casket was not added as a plaintiff in this case until after the Texas case had been filed, this case should be treated as having been filed first. However, the amendment to Delta's complaint relates back to the filing of the original complaint. Fed. R. Civ. Pro. 15(c).

[6] The court declines to address the defendant's remaining proposed grounds for dismissal, finding that they are best resolved by the transferee court.

    Signed on  October 31, 2005

                                                      **Jennifer B. Coffman, Judge**
                                                      **United States District Court**